# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3775

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| Manuel Villegas, | * | of Nebraska. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: April 19, 2001

Filed: May 17, 2001

_____

Before MORRIS SHEPPARD ARNOLD and RICHARD S. ARNOLD, Circuit
Judges, and BOGUE,[1] District Judge.

_____

PER CURIAM.

Manuel Villegas's appeal from his convictions on two counts involving controlled
substances, *see* 21 U.S.C. § 841(a)(1), § 846, raises a single issue, namely, whether the

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District
of South Dakota, sitting by designation.

trial court[2] erred in putting Mr. Villegas to trial assisted by appointed counsel despite Mr. Villegas's insistence that retained counsel be allowed to represent him.

After Mr. Villegas's case was set for trial, he informed the trial court that he wished to plead guilty, and the court set a hearing to accept his plea on the day on which the trial had been set to begin. When Mr. Villegas appeared on that day, however, he indicated that he wished to proceed to trial, and asked that retained counsel (who was not present) be allowed to defend him. The court then set Mr. Villegas's case for a trial two days later and indicated that Mr. Villegas's retained counsel would be allowed to represent him at trial if retained counsel entered an appearance. On the day set for trial, Mr. Villegas's retained counsel did not appear, and Mr. Villegas went to trial with the court-appointed counsel who had been representing him. According to Mr. Villegas, retained counsel refused to appear because he had not had adequate time to prepare a defense.

Mr. Villegas correctly points out that a person accused of crime has a right under the sixth amendment to retain counsel of his or her choice, and that the right is violated regardless of whether a defendant invoking it can show that not having counsel of his or her choice worked to his or her actual disadvantage. *See United States v. Lewis*, 759 F.2d 1316, 1326-27 (8th Cir. 1985), *cert. denied*, 474 U.S. 994 (1985). But we have held that the right must nevertheless yield to concerns of efficiency and order, *see id.* at 1326, and in this instance Mr. Villegas's request that retained counsel be allowed to represent him came on the very day on which his case had been set for trial. While Mr. Villegas argues that it would not have caused any substantial inconvenience to the court to postpone the trial to a later date, we are mindful of a district court's duty to assure that the public's business is, so far as reasonably possible, tended to in an expeditious way. For this reason, we see no abuse of discretion, *see United States v.*

---

[2]The Honorable William G. Cambridge, United States District Judge for the District of Nebraska.

*Swinney*, 970 F.2d 494, 499-500 (8th Cir. 1992), *cert. denied*, 506 U.S. 1011 (1992), 507 U.S. 1007 (1993), in the trial court's denial of Mr. Villegas's request.

We therefore affirm the judgment of the trial court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.